## PEOPLE *v.* LANE.

1. HOMICIDE—FIRST DEGREE MURDER—CHARACTER—INSTRUCTIONS.
   In prosecution for murder of the first degree wherein character
   testimony was introduced, failure of court to give written
   request to charge as to the importance and effect of char-
   acter testimony or to charge jury in such respect was re-
   versible error, especially where the verdict of conviction was
   based largely on circumstantial evidence (Act No. 328, § 316,
   Pub. Acts 1931).

2. SAME—FIRST DEGREE MURDER—EVIDENCE—CHARACTER—INSTRUC-
   TIONS.
   In prosecution for murder of the first degree it is reversible
   error to charge that when there is positive proof of the com-
   mission of the offense, then good character cannot avail to
   overthrow that proof (Act No. 328, § 316, Pub. Acts 1931).

3. SAME—FIRST DEGREE MURDER—CHARACTER—DOUBTS.
   Evidence of good character is admissible in prosecution for
   murder of the first degree not only in a case where doubt
   otherwise exists, but may be offered for the purpose of creat-
   ing a doubt (Act No. 328, § 316, Pub. Acts 1931).

4. SAME—FIRST DEGREE MURDER—CHARACTER—INSTRUCTIONS.
   In prosecution for murder of the first degree wherein the prof-
   fered written request to charge relative to character of de-
   fendant was justified by testimony introduced, failure of the
   court to charge as requested and omit any charge thereupon,
   whether omission was intentional or inadvertent, was reversi-
   ble error (Act No. 328, § 316, Pub. Acts 1931).

5. SAME—FIRST DEGREE MURDER—CIRCUMSTANTIAL EVIDENCE—IN-
   STRUCTIONS.
   One charged with murder of the first degree is not entitled
   to have jury charged that each fact in a chain of circumstan-
   tial evidence must be proved, beyond a reasonable doubt (Act
   No. 328, § 316, Pub. Acts 1931).

6. SAME—FIRST DEGREE MURDER—CIRCUMSTANTIAL EVIDENCE—BUR-
DEN OF PROOF—INSTRUCTIONS.

It is the duty of a court in prosecution of murder of the
first degree to cover fairly the matter of prosecution's burden
of proof as to circumstantial evidence in charge to jury where
the verdict in such prosecution must rest upon such evidence
(Act No. 328, § 316, Pub. Acts 1931).

7. SAME—FIRST DEGREE MURDER—CIRCUMSTANTIAL EVIDENCE—IN-
STRUCTIONS.

In prosecution for murder of the first degree wherein jury
must consider circumstantial evidence, the jury should be
charged that in considering such evidence every necessary and
material fact to be proven thereby and upon which convic-
tion depends must be proved beyond a reasonable doubt (Act
No. 328, § 316, Pub. Acts 1931).

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted October 16, 1942. (Docket No. 103, Calen-
dar No. 42,051.) Decided December 23, 1942.

James Wilson Lane was convicted of murder of
the first degree. Reversed and new trial granted.

*Ralph M. Freeman,* for defendant.

BOYLES, J. Defendant was convicted by jury of
the crime of murder of the first degree and sen-
tenced to life imprisonment in southern Michigan
State prison at Jackson. A recital of the facts is
not essential to decision. The refusal of the court
to charge the jury as to the importance and effect
of character testimony requires reversal.

Several witnesses testified as to the reputation of
the defendant (who testified in his own behalf) for
truth and veracity in the vicinity where he resided,
and also as to his general reputation as a peaceful
and law-abiding citizen. Some of this testimony
was received without objection, and some of it was
otherwise admissible. The defendant filed with the

court, in writing, a request to instruct the jury as to the importance and effect of character testimony. The request as filed was lengthy and to some extent would now be considered argumentative, although approved verbatim by this court in *People* v. *Mead,* 50 Mich. 228. The court refused to give the requested instruction, and failed entirely to charge the jury as to the importance or effect of such testimony. Defendant was charged with murder of the first degree, involving the element of malice aforethought.* The verdict was based largely on circumstantial evidence. We have repeatedly held that failure to charge the jury upon the effect of testimony to show character and good reputation is reversible error.

In *People* v. *Garbutt,* 17 Mich. 9 (97 Am. Dec. 162), where the defendant was convicted upon an information for murder, the trial court, although so requested, refused to charge the jury that as to good reputation it is for the jury to consider whether such reputation tends to rebut the presumption of malice. The court said (p. 26):

"Good character is an important fact with every man; and never more so than when he is put on trial charged with an offense which is rendered improbable in the last degree by a uniform course of life wholly inconsistent with any such crime. There are cases where it becomes a man's sole dependence, and yet may prove sufficient to outweigh evidence of the most positive character. The most clear and convincing cases are sometimes satisfactorily rebutted by it, and a life of unblemished integrity becomes a complete shield of protection against the most skillful web of suspicion and falsehood which conspirators have been able to weave. Good character

---

* See Act No. 328, § 316, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–316, Stat. Ann. § 28.548).—REPORTER.

may not only raise a doubt of guilt which would not otherwise exist, but it may bring conviction of innocence.''

In *People* v. *Jassino,* 100 Mich. 536, it was held error to charge the jury ''when there is positive proof of the commission of an offense, then good character cannot avail to overthrow that proof.'' This court said:

''We think the charge as given by the court on its own motion is erroneous. By the instruction above quoted the respondent was denied the benefit of proof of good character if the jury should find positive evidence tending to show the commission of the offense. Evidence of good character is admissible not only in a case where doubt otherwise exists, but may be offered for the purpose of creating a doubt.''

In *People* v. *Humphrey,* 194 Mich. 10, the defendant introduced testimony as to his reputation for honesty and integrity. The court, as in the *Jassino Case, supra,* charged the jury that where there is positive proof of the commission of an offense, the good character cannot avail to overthrow that proof. In holding that this was reversible error, the court said, p. 17:

''It must be always regarded as a miscarriage of justice when the trial court affirmatively denies to a respondent the benefit of an elementary rule favorable to him, upon which, by the giving of testimony which invokes the application of the rule, he relies. This case and *People* v. *Jassino, supra,* cannot be distinguished. See, also, *People* v. *Laird,* 102 Mich. 135, and note; *People* v. *Van Dam,* 107 Mich. 425; *People* v. *Parker,* 166 Mich. 587; *People* v. *Wilson,* 170 Mich. 669 (41 L. R. A. [N. S.] 216).''

In *People* v. *McKeighan,* 205 Mich. 367, the court said (p. 374):

"With reference to good character the court charged the jury as follows:

" 'In doubtful cases, good character has been used, or in circumstantial cases, to surround and assist and aid a man.'

"The limitation by the court of evidence of good character to doubtful and circumstantial cases is an improper limitation, as good character is a proper element to be considered by the jury in every criminal case where an attempt is made to show good character.    *    *    *

"We think that this failure to clearly instruct the jury upon this question was error prejudicial to the defendant, and for this reason alone the case should be reversed."

In *People* v. *Lee,* 258 Mich. 618, 623, it was said:

"On the trial the defendant introduced evidence as to his reputation for being a peaceable and law-abiding citizen. A request justified by this evidence was filed with the court. It was proper in form and substance. It was not given to the jury, and was not covered in the general charge. The prosecuting attorney says that the court overlooked it, and that counsel for defendant waived it by failing to call his attention to that fact. The record does not show that the court overlooked it, but, if he did, that does not excuse the error. It was the court's business not to overlook a request properly proffered. From the fact that it was not given rises the presumption that it was refused. In any event it was important to the defendant, and he did not have the benefit of it. The failure to give the request was reversible error."

In *People* v. *Lewis,* 264 Mich. 83, 90, the court said:

"Defendant offered proof of good general reputation for truth, veracity, honesty, integrity, and as a

peaceable law-abiding citizen, to establish good character. He proffered an appropriate request to charge, which was refused by the trial court. The rule as to good character, the manner of proving it, and its effect, has been many times considered. The charge given did not conform to the well-settled legal rules. *People* v. *Garbutt*, 17 Mich. 9, 26 (97 Am. Dec. 162); *Lenox* v. *Fuller*, 39 Mich. 268; *In re Thayer's Estate*, 188 Mich. 261; *People* v. *Woods*, 206 Mich. 11; 10 R. C. L. p. 954. The charge as given, and the failure to give defendant's request to charge on good character, was error.''

Another error requires our consideration—the court refused to give defendant's request to charge on the necessity of proving each fact in a chain of circumstantial evidence beyond a reasonable doubt. In lieu thereof, the court instructed the jury:

"In other words, after canvassing this entire matter, if the chain of circumstance distinctly points to a certain fact with such a degree of proof *that you may safely believe* those facts to exist, then that circumstantial evidence would be considered by you and might be considered and taken by you as direct proof of the facts that they establish for your consideration.''

Defendant was not entitled to have the charge given in the language requested. It was a variation of the request considered in *People* v. *McArron*, 121 Mich. 1, where this court reversed a conviction for failure to give a request on this subject. However, this theory of the defense was specifically called to the attention of the court and it was the duty of the court to cover it fairly in the charge to the jury. *People* v. *Hoefle*, 276 Mich. 428. The court should have charged the jury that in considering circumstantial evidence, every necessary and material fact to be proven thereby and upon which conviction de-

pends must be proved beyond a reasonable doubt. *People* v. *Aikin*, 66 Mich. 460 (11 Am. St. Rep. 512).

Other errors relied on for reversal are not likely to occur on retrial. The failure of the prosecution to file a brief in this court does not merit approval.

For the above errors, the conviction and sentence are set aside and new trial granted.

CHANDLER, C. J., and NORTH, STARR, WIEST, BUT-ZEL, BUSHNELL, and SHARPE, JJ., concurred.