PEOPLE *v.* BARRINGER.

1. ROBBERY—EVIDENCE.

   In prosecution for robbery unarmed, testimony, though in direct conflict, was nevertheless sufficient to sustain the verdict of the jury (Act No. 328, § 530, Pub. Acts 1931).

2. CRIMINAL LAW—INSTRUCTIONS—EMPHASIS.

   Use of the phrase "as I know you will" in charge to jury in prosecution for robbery unarmed when read in the light of the entire charge did not give undue emphasis in favor of the people as claimed by defendant (Act No. 328, § 530, Pub. Acts 1931).

3. SAME—INSTRUCTIONS—INTENT—REQUESTS TO CHARGE.

   Absence of specific instruction in prosecution for robbery unarmed requiring jury to find defendant intended to steal money belonging to complaining witness did not constitute reversible error where no request to charge on such subject was made (Act No. 328, § 530, Pub. Acts 1931).

4. SAME—INSTRUCTIONS—QUESTIONS REVIEWABLE.

   Where charge as given in prosecution for robbery unarmed fully protected the rights of the accused, the Supreme Court will not consider alleged error in the charge that was never called to the attention of the trial judge (Act No. 328, § 530, Pub. Acts 1931).

Appeal from Ingham; Carr (Leland W.), J. Submitted April 12, 1945. (Docket No. 66, Calendar No. 42,489.) Decided May 14, 1945.

Hubert Bruce Barringer was convicted of robbery unarmed. Affirmed.

*John Wendell Bird,* for appellant.

*John R. Dethmers*, Attorney General, *Edmund E. Shepherd,* Solicitor General, *Victor C. Anderson,* Prosecuting Attorney, and *John P. O'Brien,* Assistant Prosecuting Attorney, for the people.

BUSHNELL, J.   This is an appeal by defendant Hubert Bruce Barringer from a sentence imposed after conviction by a jury, under an information charging him with the crime of robbery unarmed.*

The complaining witness, William Ormsbee, testified that on September 20, 1942, after he had retired for the night, he was awakened by two men who forcibly entered his apartment, one of them being Norman Brown and the other defendant Barringer. These men took him downstairs to another apartment in the same building, where he had met them earlier that night.   He saw a woman lying on a bed who bore evidence of having been severely beaten. Ormsbee claimed that, under the threat of being beaten himself, he permitted the two men to take his purse containing money in the sum of about $119. After the two men left the apartment, Ormsbee went to a lunch room in the vicinity, where he saw these two men; as they were leaving he had someone call the police.

Both Brown and Barringer testified in their own behalf and denied each and every allegation made by the complaining witness.  The woman in question testified that she did not remember what had occurred.   There were no other eyewitnesses.   Although the testimony is in direct conflict, it is nevertheless sufficient to sustain the verdict of the jury.

Defendant argues on appeal that the trial judge failed to properly instruct the jury relative to the

---

* See Act No. 328, § 530, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-530, Stat. Ann. § 28.798).—REPORTER.

elements of the offense charged, and that the claim of the people was unduly emphasized. Specifically, it is urged that the trial judge's failure to instruct the jury that it must find each of the elements of the offense beyond a reasonable doubt, and that the absence of any definite instruction with respect to intent constitutes reversible error. Error is also assigned on the court's instructions respecting impeaching or contradictory testimony.

On the matter of reasonable doubt the court said to the jury:

"The expression 'reasonable doubt' I have discussed with you in other cases and I have no doubt that you have its meaning rather clearly in mind now. It does not mean a captious or facetious doubt but rather such as the words themselves import an honest doubt arising from the evidence or lack of evidence in the case, a doubt for which a reason satisfactory to the mind of the person having the doubt may be given.

"If after considering the evidence here you have a reasonable doubt as to the guilt of the defendants or either of them, then it will be your duty to give the defendant or the one as to whom you have the reasonable doubt the benefit thereof and return a verdict of not guilty. But if, on the other hand, after considering the evidence carefully, as I know you will, you have no reasonable doubt as to the guilt of the defendants, then it will become your duty to return a verdict of guilty as charged."

Defendant challenges the fairness of this charge by taking the words "as I know you will" from their context and arguing that the use of this language could not help but suggest to the jury that the claims of the defense "were not so important as those of the prosecution." This part of the court's instructions to the jury must be read in its entirety. So

read, in the light of the entire charge, there is no undue emphasis in favor of the people.

As said in *People* v. *McKeighan*, 205 Mich. 367, intent is such an important factor in the commission of an offense that this element should be clearly and definitely outlined to the jury. But in that case, notwithstanding the absence of specific language in the charge regarding intent, the court observed that when the charge is read as a whole the jury was not misled,. and reversal there was not because of the absence of a specific instruction on intent but because of the trial judge's limitation on evidence as to good character and his failure to clearly instruct the jury on that question.

The statutory requirements for instructing the jury as to the law applicable to the case are found in code of criminal procedure, chapter 8, § 29, being 3 Comp. Laws 1929, § 17322 (Stat. Ann. § 28.1052). This section reads in part:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

The record in the instant case is devoid of any intimation that the court was requested to charge in this or any other respect. We have emphasized the necessity of such requests by repeating the above-quoted portion of the statute in Court Rule No. 37, § 9 (1945), in the same language used in former Court Rule No. 37, § 9 (1933).

In *People* v. *Petrosky*, 286 Mich. 397, a breaking and entering case, the above rule was cited as controlling because of the argument that the court did not define larceny or charge the jury as to the elements of the crime of which the defendant was accused, except to state—"that it would be necessary

to prove that defendant did break and enter the hall at the time and place in question, and that such breaking and entering were accompanied by the intent on the part of defendant to steal or commit larceny.''

In *People* v. *Scaduto,* 301 Mich. 700, where it was claimed the court failed to charge the jury on the law of entrapment, attention was again directed to the statute herein cited.

In the instant case the court read to the jury the statute under which defendant was charged with having committed robbery and the allegations of the information, *i.e.,* ''did then and there by putting in fear, feloniously rob, steal and take from the person of William Ormsbee a certain sum of money, to-wit: the sum of $119, such robbers not being armed with a dangerous weapon.''

Reading the charge in its entirety, in the light of the testimony of the complaining witness, it cannot be said, in the absence of requests to charge, that defendant's rights were prejudiced by the failure of the trial judge to specifically instruct the jury that it must find that the defendant intended to steal Ormsbee's money from his person. As stated in 1 Gillespie's Michigan Criminal Law & Procedure, § 504:

''Without requests from counsel it is the duty of the trial court to see that the case goes to the jury in a clear and intelligent manner, so that they may have a clear and correct understanding of it, and the law applicable to the facts should be fully stated.''

An examination of the record in this case discloses that the trial judge did not err, and that the charge given fully protected the rights of the accused. *People* v. *Smith,* 231 Mich. 221. The following comment in *People* v. *Robinson,* 228 Mich. 64, is applicable to the instant case:

"Counsel assigns error upon the failure of the court to give the jury instruction along many lines mentioned but never called to the attention of the trial judge. It would not be fair to the trial judge to consider such assignments and thereby accord counsel for defendant the advantage of sitting down after the trial and studying out what he should have presented at the trial, and bring the same here for review as upon refused requests to charge. The charge, as given, covered the essentials and counsel cannot present here, by way of assignments of error, subjects he should have requested the trial judge to cover in the instruction to the jury."

The judgment is affirmed.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.