PEOPLE v McLEAN

OPINION OF THE COURT

1. ASSAULT AND BATTERY—ASSAULT WITH INTENT TO MURDER—DE-
FENSES—INCONSISTENT DEFENSES—INTOXICATION—INSTRUCTIONS
TO JURY.

Inconsistency in defenses would have been no bar to an instruc-
tion on the defense of intoxication in a prosecution for assault
with intent to murder where the defendant denied involvement
in the crime with which he was charged had there been
evidence introduced at trial to justify jury consideration of the
intoxication defense.

2. ASSAULT AND BATTERY—ASSAULT WITH INTENT TO MURDER—DE-
FENSES—INTOXICATION—INSTRUCTIONS TO JURY—EVIDENCE.

Evidence was insufficient to warrant an instruction on the de-
fense of intoxication to a charge of assault with intent to
murder where the defendant testified that he had consumed
five or six vodka and Squirts over a two-hour span prior to the
offense but where defendant did not testify, nor can it be
inferred from his testimony, that he was in any way influenced
by the consumption of alcohol, there was no evidence that
defendant was peculiarly susceptible to the influence of alcohol,
defendant did not express any difficulty in recollecting events
surrounding the shooting, and where the woman in defendant's
company on the night in question testified that she had no
impression that defendant was intoxicated.

DISSENT BY BRONSON, J.

3. CRIMINAL LAW—SPECIFIC INTENT—DEFENSES—INTOXICATION.

*A defense of intoxication to a specific intent crime does not
require that a defendant be not conscious of what he was doing
or why he was doing it, but only requires that the defendant
not have that specific intent.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 40 Am Jur 2d, Homicide §§ 575, 576.
[3] 40 Am Jur 2d, Homicide §§ 128, 129, 131, 295.

4. Assault and Battery—Assault with Intent to Murder—De-
    fenses—Intoxication—Specific Intent—Evidence—Instruc-
    tions to Jury.

   *Failure to instruct a jury in a trial for assault with intent to
   murder on the issue of intoxication as a defense improperly
   withdrew the question from jury consideration where the evi-
   dence of consumption of alcohol and intoxication was conflict-
   ing, defendant's attorney argued the question of the lack of
   specific intent to the jury, and where an instruction on intoxi-
   cation was requested.*

Appeal from Bay, Leon R. Dardas, J. Submitted
Division 3 December 7, 1973, at Lansing. (Docket
No. 13694.) Decided March 26, 1974.

Lorn E. McLean was convicted of assault with
intent to murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Eugene C. Pen-
zien,* Prosecuting Attorney, for the people.

*Richard S. McMillin,* Assistant State Appellate
Defender, for defendant.

Before: Danhof, P. J., and Bronson and
O'Hara,* JJ.

Danhof, P. J. Defendant was convicted by a jury
of assault with intent to murder. MCLA 750.83;
MSA 28.278. On January 10, 1972, he was sen-
tenced to life imprisonment. He appeals. We
affirm.

Defendant's conviction stems from the shooting
of one Harland Steward on February 10, 1971 at
the Old Bar in Pinconning, Michigan. The victim,
together with three male companions, went to the
bar at approximately 11 p.m. on that date. When
the four entered, the only other people in the bar

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

were a man and a woman sitting at a table near the entrance and the bartender. The four went to the end of the bar and sat at a table, the victim taking a seat with his back to the couple at the other occupied table. Five minutes later, the victim was shot in the back of the head.

At trial, no one was able to positively identify the defendant as the man who fired the shot. However, the gunman fired from a location next to the table where previously the couple, the only other bar patrons, had been seated. Fingerprint evidence as well as other testimony identified the defendant as the man who had been seated there. Further testimony described the gunman as similar in appearance and dress to the defendant.

The victim testified that he had never seen defendant prior to entering the bar and that no words were exchanged with the couple seated near the door. The victim also testified that neither he nor any of his companions was a member of a motorcycle club.

Defendant testified that indeed he was in the bar when the victim entered and when the shot was fired, but denied involvement. He testified that he heard a shot and, unaware that anyone had been wounded, fled the bar fearing an attempt on his life by a rival motorcycle club.

Defendant was apprehended by police a few hours later. Evidence introduced at trial indicates that before apprehension, defendant shaved off his facial hair and altered his apparel. The license plates on the vehicle in which defendant had fled had also been removed.

Defendant raises several allegations of error regarding prosecutorial conduct and the trial court's instructions to the jury. Only one of these claims merits decisional discussion. Defendant's

other claims of error were either not properly preserved, by objection or requests for instructions, for appellate review, or do not constitute reversible error.

Defendant contends that the trial court erred in refusing to instruct the jury on the defense of intoxication. Defendant claims that his testimony to the effect that he had consumed five or six vodka and Squirts over a two-hour span on the night in question entitled him to such an instruction. We disagree. Defendant did not testify, nor can it be fairly inferred from his testimony, that he was in any way influenced by the consumption of alcohol. Neither was there any evidence that defendant was peculiarly susceptible to the influence of alcohol. Defendant did not express any difficulty in recollecting events surrounding the shooting. The woman in defendant's company on the night in question testified that she had no impression that defendant was intoxicated.

Defendant, however, claims that, although he generally denied involvement in the crime with which he was charged, the jury should have been instructed on the inconsistent defense of intoxication. We agree that, had there been evidence introduced at trial to justify jury consideration of the intoxication issue, inconsistency in defenses would have been no bar to such an instruction.

In *People v Kirk,* 151 Mich 253; 114 NW 1023 (1908), defendant, who claimed self-defense, was convicted by a jury of assault with intent to do great bodily harm less than murder. On appeal, defendant claimed that testimony to the effect that the incident took place in a bar where defendant and his brother had been drinking was sufficient to require an instruction on intoxication. The Supreme Court there said:

"Attention is directed to the theory of the defense, outlined by counsel and by the court, not because respondent in a criminal case may not be entitled to go to the jury upon inconsistent theories, if there is testimony to support them, but for the purpose of stating the ground for an assumption, which is also otherwise supported by the record, that counsel for respondent did not in fact claim that his client was unable, by reason of intoxication, to form the specific intent with which he was charged.

\* \* \*

"It is conceded that the rule of *Roberts v People,* 19 Mich 401 [1870], is the law of this State and the jury should have been instructed in accordance therewith if there was testimony which would warrant a jury in saying that the intoxication of respondent was of a degree which rendered him incapable of entertaining the intent charged. We have reached the conclusion that it should be said, as matter of law, there was no such testimony." 151 Mich at 257, 258; 114 NW at 1025.

In the case at bar, we hold that there was insufficient evidence to warrant an instruction on intoxication.

Affirmed.

O'HARA, J., concurred.

BRONSON, J. *(dissenting).* While I can understand my colleagues' opinion on the intoxication issue, I cannot agree that the failure to instruct was not error on the facts of this case. The evidence of consumption of alcohol and intoxication was conflicting. The defendant's attorney argued the question of the lack of specific intent to the jury. An instruction on intoxication was requested and denied. As my colleagues note, the defense, even though inconsistent, was permissible.

In the recent decision of *People v Crittle,* 390 Mich 367, 372–373; 212 NW2d 196 (1973), the

Supreme Court of Michigan examined the intoxication defense and reversed defendant Crittle's conviction, saying:

"The pertinent part of the *Crittle* jury instructions claimed to be in error was:

" 'You would not, however, be justified in acquitting * * * unless you find * * * that he was not conscious of what he was doing or why he was doing it * * * .'

"For a crime requiring specific intent this is not the law. The test, to use Justice Cooley's words again, is:

" 'While it is true that drunkenness cannot excuse a crime, it is equally true that when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist * * * if the defendant, for any reason whatever, indulged no such intent, the crime cannot have been committed.'

"The Cooley test does not require the defendant to be 'not conscious of what he was doing or why he was doing it', it only requires in a specific intent crime that the defendant not have that specific intent.

"In terms of the *Crittle* case, if the jury, for example, believed that the defendant was engaging in a drunken prank, however misguided, rather than intending a robbery armed, under the Cooley test the jury would find the defendant not guilty of robbery armed although it might well find him guilty of some other crime not requiring the same specific intent. Under the *Crittle* rule, however, even if they found defendant only intended a drunken prank, they would be required to find the defendant guilty of robbery armed because in performing the prank he presumably knew what he was doing if not why he was doing it, and hence he would be falling afoul of the *Crittle* instruction without in any way having the intent necessary for robbery armed. The *Crittle* instructions are consequently reversibly erroneous."

In my view the evidence creates a question for the jury and the failure to instruct on the issue improperly withdrew the question from their consideration. I would reverse for a new trial.