## PEOPLE v HANSMA

Docket No. 28850. Submitted October 6, 1977, at Grand Rapids.—
Decided June 19, 1978.

Gregg J. D. Hansma was convicted of first-degree murder in
Kalamazoo Circuit Court, Raymond W. Fox, J. Defendant ap-
peals, alleging several errors in the court's instructions to the
jury. *Held:*

1. The trial court's refusal to give a requested instruction on
manslaughter was reversible error.

2. The trial court's instruction on first-degree murder was
erroneous in that it removed the element of malice from the
jury's consideration. The jury verdict of guilty was therefore
tantamount to a conviction of manslaughter.

3. The trial court erroneously refused to give the jury an
instruction on the defense of intoxication on the basis that it
was inconsistent with the defendant's theory of alibi. The
defendant is entitled to raise inconsistent defenses and the trial
court must instruct on the defendant's theory if there is any
evidence to establish the defense. The refusal was harmless

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 525, 528–530, 533–535.

[2] 40 Am Jur 2d, Homicide §§ 498–500.

[3] 40 Am Jur 2d, Homicide § 500.

[4] 21 Am Jur 2d, Criminal Law § 142.

[5] 75 Am Jur 2d, Trial § 588.

[6] 75 Am Jur 2d, Trial §§ 743, 744.

[7] 40 Am Jur 2d, Homicide § 129.
 Modern status of the rules as to voluntary intoxication as defense
   to criminal charge. 8 ALR3d 1236.

[8] 21 Am Jur 2d, Criminal Law § 251.
 Accused's right to speedy trial under Federal Constitution—Su-
   preme Court Cases. 21 L Ed 2d 905.

[9] 75 Am Jur 2d, Trial §§ 729–731.
 Duty of court, in absence of specific request, to instruct on subject
   of alibi. 72 ALR3d 547.

[10] 40 Am Jur 2d, Homicide § 496.

[11] 75 Am Jur 2d, Trial §§ 876, 882.

error, however, in light of the disposition of the case by the Court of Appeals.

4. Defendant was not denied his right to a speedy trial.

5. The court's alibi instruction was not reversibly erroneous.

6. Defendant's contention that the jury returned an ambiguous verdict is rendered moot by the Court of Appeals' disposition of the case.

Reversed and remanded.

M. J. KELLY, J., concurred in the result but would hold that an omission to instruct on malice should not be reversible error unless properly preserved for review by objection or because the trial court refused to give a properly requested instruction. Judge KELLY also points out that the Michigan Supreme Court has recently held that manslaughter is not a necessarily included offense within the crime of murder, but may be if the evidence presented at trial would support a verdict of guilty of manslaughter.

### Opinion of the Court

1. HOMICIDE—INSTRUCTIONS TO JURY—MURDER—MANSLAUGHTER.

   A trial court's refusal to give the jury a requested instruction on manslaughter in a trial for murder is reversible error.

2. HOMICIDE—MURDER—INSTRUCTIONS TO JURY—MALICE.

   An instruction to the jury in a trial for murder that if they found that the victim's "death occurred as a result of the attempt to commit the crime of robbery by this defendant, that is felony murder" removed the element of malice, essential to a conviction of first-degree murder, from the jury's consideration and is therefore erroneous.

3. HOMICIDE—FIRST-DEGREE MURDER—INSTRUCTIONS TO JURY—MALICE—MANSLAUGHTER.

   Reversal of a defendant's conviction of first-degree murder is not necessary even though the trial court's instructions to the jury erroneously allowed the jury to convict the defendant without a finding of malice, where such a verdict is tantamount to a conviction of manslaughter and the Court of Appeals has already remanded the case for entry of a judgment of guilty of manslaughter for other reasons.

4. CRIMINAL LAW—DEFENSES—INCONSISTENT DEFENSES—INTOXICATION—ALIBI.

   A defendant in a criminal case is entitled to raise inconsistent

defenses; the alternative defenses of intoxication and alibi both may be raised.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENDANT'S THEORY OF CASE.

It is the duty of the trial court to cover in its charge to the jury in a criminal prosecution the theory upon which the defense is founded, if a proper request is made and supported by competent testimony.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—INTOXICATION—SUPPORTING EVIDENCE.

A defendant is entitled to a requested instruction on intoxication if there is any evidence tending to establish the defense.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—INTOXICATION—MANSLAUGHTER—HARMLESS ERROR.

Refusal to instruct the jury on intoxication was rendered harmless error where although the defendant was charged with a specific intent crime his conviction of first-degree murder is reduced by the Court of Appeals to a conviction of manslaughter, to which intoxication is not a defense.

8. CRIMINAL LAW—SPEEDY TRIAL—DELAY—PRESUMPTION OF PREJUDICE.

A delay of less than 18 months between a defendant's arrest and commencement of his trial does not result in a presumption of prejudice.

9. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI.

A defendant's contention that the trial court's jury instruction on alibi was erroneous is without merit where the defendant did not file a notice of alibi, did not request an alibi instruction or object to the instruction given, and where the court specifically instructed that the defendant must be acquitted if the jury found that he was not present at the scene of the offense or if the evidence raised a reasonable doubt in their minds on this point.

CONCURRENCE BY M. J. KELLY, J.

10. HOMICIDE—INSTRUCTIONS TO JURY—MALICE—PRESERVING QUESTION.

*Omission by a trial court of an instruction on malice in a homicide trial should not be reversible error, whether the court uses the word murder or killing in its instruction, unless*

*properly preserved for review by objection or where the trial
court refused to give a properly requested instruction.*

11. HOMICIDE—MANSLAUGHTER—MURDER—NECESSARILY INCLUDED OF-
FENSES.

   *Manslaughter is not a necessarily included offense within the
   crime of murder but may be so if the evidence adduced at trial
   would support a verdict of guilty of manslaughter.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James J. Gregart,*
Prosecuting Attorney, and *Stephen M. Wheeler,*
Chief of Appellate Division, for the people.

*DeVries & Lamb, P. C.,* for defendant on appeal.

Before: M. F. CAVANAGH, P. J., and BRONSON and
M. J. KELLY, JJ.

M. F. CAVANAGH, P. J. Defendant allegedly shot
to death one John Bowler, a service station attend-
ant, when Bowler resisted defendant's attempted
robbery. Defendant was brought to trial and the
jury instructed on felony (first-degree) murder,
MCL 750.316; MSA 28.548, and second-degree mur-
der, MCL 750.317; MSA 28.549. The jury's verdict
was "guilty as charged". Defense counsel, the pros-
ecutor and the court all interpreted this verdict as
guilty of first-degree murder. Defendant was subse-
quently sentenced to life imprisonment. He ap-
peals by right.

I

Defense counsel, arguing that there was evi-
dence that the killing occurred during a struggle,
requested a jury instruction on manslaughter.
MCL 750.321; MSA 28.553. The court refused to
give this instruction. Defendant now contends, and
we agree, that this was error. *Cf. People v Van*

*Wyck,* 72 Mich App 101; 249 NW2d 311 (1976), *rev'd,* 402 Mich 266; 262 NW2d 638 (1978). See also *People v Paul,* 395 Mich 444, 447–450; 236 NW2d 486, 488 (1975), *People v Dykes,* 37 Mich App 555, 558–559; 195 NW2d 14, 16 (1972), *People v Robert Brown,* 37 Mich App 565, 568–570; 195 NW2d 60, 62 (1972), *lv den,* 387 Mich 763 (1972). Defendant's conviction of first-degree murder is reversed and the case remanded for entry of a judgment of conviction of the lesser included offense of manslaughter and for resentencing. If, however, the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial on the charge that the defendant committed the crime of first-degree murder. See *People v Jenkins,* 395 Mich 440, 442–443; 236 NW2d 503, 504 (1975).

II

Defendant next contends that the court erred in its instructions on first-degree murder. Over objection by defense counsel, the court gave the following charge:

"The fifth element in felony murder is that the defendant caused the death of John Bowler without justification, excuse or mitigation. It is no defense to this charge that the death of John Bowler was the result of an accident. *If you find beyond a reasonable doubt that the death occurred as a result of the attempt to commit the crime of robbery by this defendant, that is felony murder.* (Emphasis added.)

In *People v Fountain,* 71 Mich App 491, 505–506; 248 NW2d 589, 596 (1976), this Court considered a claim that very similar instructions consti-

tuted reversible error. After a careful analysis of Michigan case law, the *Fountain* Court concluded:

"Michigan has neither a statutory felony-murder doctrine nor a common law felony-murder doctrine. Malice is not, in this state, imputed to an act of killing from the intent to commit an underlying felony. Although malice may be inferred from the nature of the underlying felony and the circumstances surrounding its commission, the presence or absence of malice in each case remains a question for jury determination.

"Insofar as the trial court's instructions removed the essential element of malice from the jury's consideration, they were erroneous."

Comparable instructions were before the Court in *People v Wright,* 80 Mich App 172, 178; 262 NW2d 917 (1977), wherein the Court, finding reversible error, stated:

"First-degree felony murder is murder in the second degree plus the element of perpetration of an enumerated felony. * * * Since the law may not impute malice to a second-degree murder, * * * it accordingly may not impute the malice requisite to a conviction of first-degree felony murder." (Citations omitted.)

Although one other panel of this Court has disagreed (See *People v Till,* 80 Mich App 16; 263 NW2d 586 [1977]), we remain persuaded that *Fountain and Wright* correctly state the law. Under that law, the court's instructions on felony murder in the instant case were erroneous.

We have given very serious consideration to the argument that these instructions, when read as a whole, do not take the element of malice from the jury. We reject this argument.

Because we have concluded that the instructions here were erroneous, we must consider the appro-

priate remedy. Defendant requests that we reverse
his conviction and remand for a new trial. How-
ever, we do not find that the error here entitles
defendant to this relief. The error in these instruc-
tions is that they allowed the jury to convict the
defendant of murder without finding that he acted
with malice. However, as was explained in *People
v Clark,* 5 Mich App 672, 676; 147 NW2d 704, 706
(1967), *lv den,* 379 Mich 763 (1967), murder, absent
malice, is manslaughter, " 'the unlawful killing of
another without malice, express or implied.' 'Man-
slaughter is distinguished from murder in that the
element of malice, express or implied, which is the
very essence of murder is absent.' " (Citations
omitted.) Thus, even if the jury here convicted the
defendant without a finding of malice, their ver-
dict, on these instructions, is tantamount to a
conviction of manslaughter. *Cf. People v Jenkins,
supra,* 395 Mich at 442–443; 236 NW2d at 504. A
conviction of manslaughter was perfectly compati-
ble with the evidence. (See cases cited *supra,* in
issue I.) We therefore decline to disturb the dispo-
sition reached in resolution of the previous issue.

## III

Defendant next urges that his conviction should
be reversed because the trial court refused his
request to instruct on intoxication as a defense.
The court seems to have refused the instruction
because the intoxication defense was inconsistent
with defendant's alibi theory.[1]

---

[1] "I didn't give the *intoxication* because though there was a claim
that the defendant—the defendant testified and Tim Green testified
that they had both been doing considerable drinking, smoking pot. I
don't know if anybody was using cocaine but most everything else.
And so then the defendant takes the witness stand and testifies in
detail everything he did that night, where he was, what he did, what
time it was, whether he was watching television, sitting at the dining

However, defendants in criminal cases are entitled to raise inconsistent defenses *(People v John Willie Williams,* 26 Mich App 218, 222; 182 NW2d 347, 349 [1970]), and this Court has specifically held that a defendant may raise the alternative defenses of intoxication and noninvolvement in the offense. *People v McLean,* 52 Mich App 182, 185, 186; 217 NW2d 138, 140, 141 (1974), *lv den,* 394 Mich 807 (1975). It follows that the reason stated by the court was insufficient to justify denying defendant's request to instruct.

Nonetheless, whatever the reason stated, it would not be error to refuse giving the instruction if there were a valid reason for doing so. The applicable law was well summarized in *People v Bonello,* 25 Mich App 600, 602; 181 NW2d 652, 654 (1970):

"It is the duty of the trial court to cover in his charge to the jury in a criminal prosecution the theory upon which the defense is founded if a proper request is made and supported by competent testimony. *People v Welke* (1955), 342 Mich 164 [68 NW2d 759]; *People v Lane* (1942), 304 Mich 29 [7 NW2d 210]. Therefore, since it is the duty of the trial court to instruct the jury as to the law applicable to the case, MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052), the refusal of the court to give a requested proper instruction is reversible error. Defendant has a right to a properly instructed jury. *People v Liggett* (1967), 378 Mich 706 [148 NW2d 784]; *People v Barringer* (1945), 311 Mich 345 [18 NW2d

room table, and *I just don't see how somebody can say now here is what I did all that evening and therefore I've got an alibi, but if you don't believe my alibi, then I was totally intoxicated to do it.* Just doesn't ring true to me and I refuse to give the intoxication. I think a man can take the stand or proofs can show he had two or three beers and he said well, I raised the question of intoxication. Now the burden is upon the prosecution. You have to raise the question of intoxication and then the burden is upon the prosecution." (Emphasis added.)

850]; *People v Bowen* (1968), 10 Mich App 1 [158 NW2d 794].

See also *People v Reed,* 393 Mich 342, 349–350; 224 NW2d 867, 870 (1975), *cert den,* 422 US 1044, 1048; 95 S Ct 2660, 2665; 45 L Ed 2d 696, 701 (1975), *People v Hoefle,* 276 Mich 428, 431; 267 NW 644, 645 (1936). It is not disputed that proper request was made here. Therefore, we turn to consideration of whether the defense was supported by competent testimony.

There is some ambiguity in the cases regarding the quantum of evidence which must be introduced to support an instruction on intoxication. In *People v Kirk,* 151 Mich 253, 258; 114 NW 1023, 1025 (1908), quoted in *People v McLean, supra,* 52 Mich App at 186; 217 NW2d at 140, the Court stated that the jury should be instructed on intoxication,

"if there was testimony which would warrant a jury in saying that the intoxication of respondent was of a degree which rendered him incapable of entertaining the intent charged."

Of course the "capacity" test was rejected by the Supreme Court in *People v Crittle,* 390 Mich 367, 374; 212 NW2d 196, 199–200 (1973), but our focus here is on that part of the quoted language which suggests that a defendant has no right to the instruction unless the evidence is sufficient, not only to raise a reasonable doubt, but to affirmatively establish defendant's intoxication. This standard is similar to that applied where the defendant challenges the sufficiency of evidence to warrant an instruction to the jury on an offense (See, *e.g., People v Royal,* 62 Mich App 756, 757–758; 233 NW2d 860, 861–862 [1975]), but conflicts

sharply with the test applied to the sufficiency of the evidence supporting other defenses, such as insanity, *viz.,* that the defendant is entitled to the instruction if there is *any evidence* tending to establish the defense. See, *e.g., People v Neumann,* 35 Mich App 193, 195; 192 NW2d 345, 346 (1971). See also, *People v Chivas,* 322 Mich 384, 390–391; 34 NW2d 22, 25 (1948). The "any evidence" test is much more consistent with the prosecution's burden of proof beyond a reasonable doubt, and its adoption by the Supreme Court was at least suggested by the Court's language in *People v Cahill,* 215 Mich 322, 324; 183 NW 752 (1921), where it was stated:

"We think the instruction given [on intoxication] might well have been omitted, there being no testimony tending to show intoxication at the time the offense was committed."

This position is also implicit in the proposed standard jury instruction on specific intent. CJI 3:1:16, Specific Intent. We conclude that the "any evidence" test embodies the appropriate rule.

As the trial court stated in refusing the instruction, there was evidence that defendant had "been doing considerable drinking [and] smoking pot" on the day of the alleged offense. Specifically, there was evidence that defendant was drinking whiskey in the afternoon or early evening of the date in question, and that defendant and a companion purchased a second bottle and began drinking it and smoking marijuana at around 8 or 8:15 p.m. on the same day. The offense allegedly occurred at about 10 p.m. We find that this evidence was sufficient to support defendant's request for the instruction, and that it was error to deny it.

Intoxication is a defense only to a crime of

specific intent. *People v Kelley,* 21 Mich App 612, 618–619; 176 NW2d 435, 439–440 (1970), *lv den,* 383 Mich 792 (1970). Armed robbery, which was the felony charged on the first-degree murder count, is a crime of specific intent to which intoxication is a defense. *People v Crittle, supra,* 390 Mich at 371; 212 NW2d at 198, *People v Kelley, supra,* 21 Mich App at 619; 176 NW2d at 438. However, by virtue of our resolution of the two previous issues, the crime of which defendant stands convicted is manslaughter. This is not a specific intent crime, and therefore intoxication is not a defense to it. *People v Townsend,* 214 Mich 267, 280; 183 NW 177, 181 (1921), *People v Kelley, supra,* 21 Mich App at 619; 176 NW2d at 438, *People v Duffield,* 20 Mich App 473, 480; 174 NW2d 137, 140 (1969), *aff'd,* 387 Mich 300; 197 NW2d 25 (1972). Hence, the refusal to instruct on intoxication was harmless error. See *People v Taylor,* 73 Mich App 139, 143; 250 NW2d 570, 572 (1977), *lv den,* 400 Mich 813 (1977). See also *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709, 713 (1972).

## IV

Defendant's final allegations of error do not merit extended consideration.

Defendant contends that he was denied his right to a speedy trial. Although 14 months elapsed between defendant's arrest and commencement of his trial, no presumption of prejudice arises for a delay of less than 18 months. See *People v Grimmett,* 388 Mich 590, 606; 202 NW2d 278, 286 (1972). We agree with the trial court that defendant has failed to demonstrate any prejudice from this delay. Nor do we find the length of this delay unreasonable in light of the numerous defense

motions filed in the lower court. This issue is without merit.

Even less persuasive is defendant's contention that the court's alibi instruction was reversibly erroneous. Defendant did not file notice of alibi (See MCL 768.20; MSA 28.1043), nor did he request an instruction on alibi or object to the instruction given. See GCR 1963, 516.2. As a practical matter, defense counsel could hardly have objected to this instruction, having himself requested it as the "Claim of the Defendant". Even looking past the obvious problems of failure to preserve for review an invited error, we note that the trial court gave thorough instructions on reasonable doubt and specifically instructed that defendant must be acquitted if the jury found that he was not present at the scene of the offense *or* if the evidence raised in their minds a reasonable doubt on this point. See *People v McShan,* 53 Mich App 407, 415–418; 219 NW2d 792, 797–798 (1974), *People v Erb,* 48 Mich App 622, 630; 211 NW2d 51, 55 (1973).

Defendant's final contention is that his conviction should be reduced from first-degree to second-degree murder, because the verdict as rendered by the jury was ambiguous. See generally, *People v Rand,* 397 Mich 638; 247 NW2d 508 (1976). Our reduction of defendant's conviction to manslaughter renders this issue moot. However, should the prosecutor elect to retry defendant on first-degree murder charges, the court will be careful to require the jury to state of which crime, if any, it finds defendant guilty.

Reversed and remanded for proceedings consistent with the views expressed herein.

BRONSON, J., concurred.

M. J. KELLY, J. *(concurring).* I concur in the

result but write to record my disagreement with the majority's endorsement of *People v Fountain,* 71 Mich App 491; 248 NW2d 589 (1976). Malice is a state of mind and the rule ought to be that whether the instruction uses the word murder or killing in connection with the underlying felony, an omission to instruct on malice would not be reversible error unless properly preserved for review by objection or by the trial court's refusal to give a properly requested instruction. Were I at liberty to exercise my own judgment on the law as the law should be, I would unhesitatingly vote to affirm this defendant's slaying of a gas station attendant when the attendant refused to give up the money after four eyewitnesses all agreed that the armed robber demanded money and threatened to shoot one of the attendant's children. It seems to me that the right result obtained and any error was harmless.

In addition to the authorities cited in the majority opinion the Supreme Court has recently held that manslaughter is not a necessarily included offense but may be so if the evidence adduced at trial would support a verdict of guilty of that crime. *People v Van Wyck,* 402 Mich 266; 262 NW2d 638 (1978). On the facts of this case there is no doubt that the shooting occurred during a struggle between the decedent and the robber after another witness had reached for the gunman's hand. I suppose the jury could have believed that the gun discharged accidentally in violation of MCL 750.329; MSA 28.561 and that defendant was drunk or otherwise incapable of felonious intent and I therefore reluctantly concur in the result.