*279 BENTON, Judge,
dissenting.
When reviewing whether the trial judge properly refused an instruction proffered by the accused, we must view the evidence in the light most favorable to the accused. Martin v. Commonwealth, 13 Va.App. 524, 526, 414 S.E.2d 401, 401 (1992). If the record contains more than a scintilla of evidence to support a proffered instruction on a lesser included offense, the trial judge’s “failure to give the instruction is reversible error.” Boone v. Commonwealth, 14 Va.App. 130, 132, 415 S.E.2d 250, 251 (1992). I agree with the majority that the trial judge erred in refusing the voluntary manslaughter instruction. I disagree with the majority’s finding that the error was harmless.
In my opinion, this Court cannot reasonably conclude upon this record that the error did not affect the jury’s verdict. See Lavinder v. Commonwealth, 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). “As a general rule, whether provocation, shown by credible evidence, is sufficient to engender the juror brevis necessary to rebut the presumption of malice arising from a homicide is a question of fact.” McClung v. Commonwealth, 215 Va. 654, 656, 212 S.E.2d 290, 292 (1975). Viewed in the light most favorable to Turner, the evidence provided a sufficient basis to support giving the instruction and, thus, a finding by the jury, so instructed, that he was guilty of voluntary manslaughter.
The issue whether Turner acted maliciously was disputed. Turner’s statement to the police provided evidence that supported the hypothesis that Turner acted out of passion and not with malicious intent. The evidence proved that Turner thought the victim was “pointing a firearm at [him].” Thus, the jury had more than sufficient evidence from which it could have found, if properly instructed, a non-malicious killing.
Because the error in refusing the instruction deprived the jury of the opportunity to find facts and apply those facts to the law, this case is not one in which “the other evidence of guilt was so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict.” *280 Hooker v. Commonwealth, 14 Va.App. 454, 457 n. 2, 418 S.E.2d 343, 345 n. 2 (1992). We do not find the facts, the jury does. The trial judge’s error in failing to give the instruction is not rendered harmless merely because we believe that the jury had before it sufficient evidence to support its verdict. Other evidence of a disputed fact, standing alone, does not
establish that an error is harmless..... [A] harmless error analysis ... [is not] simply a sufficiency of the evidence analysis.
Id. at 458, 418 S.E.2d at 345.
Moreover, because the harmless error analysis is not a sufficiency of the evidence analysis, “[i]t is immaterial that the jury could have reached [the] contrary conclusions [that it reached].” McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975). Based on the evidence at trial, the jury could have found Turner guilty of voluntary manslaughter.
The jury is not required to accept, in toto, either the theory of the Commonwealth or that of an accused. They have the right to reject that part of the evidence believed by them to be untrue and to accept that found by them to be true. In so doing, they have broad discretion in applying the law to the facts and in fixing the degree of guilt, if any, of a person charged with a crime.
Belton v. Commonwealth, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958).
The decision in LeVasseur v. Commonwealth, 225 Va. 564, 304 S.E.2d 644 (1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984), is not controlling on the facts of this case. “[I]n the circumstances of [that] case,” the Supreme Court found that the refusal of a second degree murder instruction was harmless error. Id. at 592, 304 S.E.2d at 659. There, however, the jury convicted the defendant of capital murder only after rejecting a finding of first degree murder, which it was instructed to render if it believed that the defendant was voluntarily intoxicated. Id. Clearly, under those circumstances, any instruction on second degree murder, which is a malicious killing, as are first degree murder *281 and capital murder, would have necessarily required the jury to find voluntary intoxication, a factual finding the Court concluded the jury had rejected when it did not convict of first degree murder. Those circumstances are not present in this case.
Although the evidence could have supported a finding of non-malicious homicide, the trial judge only instructed the jury on degrees of homicide that involved malice. A jury’s decision to select culpability from one of the malicious homicides on which it was instructed does not manifest beyond a reasonable doubt that the jury would not have found a non-malicious killing if properly instructed. As the LeVasseur Court observed, the jury’s rejection of one theory of the case does not necessarily indicate that it would have rejected another theory of the case that was supported by evidence. Id. at 592 n. 3, 304 S.E.2d at 659 n. 3. See also Potter v. Commonwealth, 222 Va. 606, 611, 283 S.E.2d 448, 451 (1981); McClung, 215 Va. at 657, 212 S.E.2d at 292-93; Martin, 13 Va.App. at 528, 414 S.E.2d at 403-04.
In failing to instruct the jury that it could convict Turner of a homicide of a lesser grade than first or second degree murder, the trial judge misdirected the jury by limiting the jury’s options to a finding of a malicious killing or a not guilty verdict. “The central point is that the jury might have decided to convict [Turner] of murder because the State proved that [he] intentionally killed another without a reasonable belief that [he] acted in self defense—despite clear proof that [Turner] was provoked to murderous passion by the victim.” Falconer v. Lane, 905 F.2d 1129, 1136 (7th Cir.1990).
Cases from North Carolina and New Jersey are no more persuasive regarding the law in Virginia than cases from other jurisdictions holding that the error in refusing a similar instruction was not harmless. See, e.g., United States ex rel. Matthews v. Johnson, 503 F.2d 339, 346 (3d Cir.1974) (en banc), cert. denied, 420 U.S. 952, 95 S.Ct. 1336, 43 L.Ed.2d 430 (1975); People v. Hansma, 84 Mich.App. 138, 269 N.W.2d 504, 506 (1978); State v. Benavidez, 94 N.M. 706, 616 P.2d 419, 421 *282 (1980); Commonwealth v. Covil, 474 Pa. 375, 378 A.2d 841, 843-44 (1977).
It is basic that a defendant is entitled to have his theory of the case submitted to the jury under proper instructions where the evidence supports it. We cannot conclude that it was harmless error not to give an instruction which is supported by evidence____ Here, assuming there was evidence of provocation, the jury was not given the choice of finding that the defendant committed voluntary manslaughter. To argue that a finding by the jury that the defendant acted with deliberate intention precludes any possibility that they could have found sufficient provocation begs the question. The jury was simply not given the choice. We do not consider this to be harmless and non-prejudicial where the evidence would support such a choice by the jury.
Benavidez, 616 P.2d at 421 (citations omitted).
In footnote two, the majority explains why it considers unpersuasive the decisions from other jurisdictions that are contrary to the majority’s holding. I find the majority’s discussion equally unpersuasive. The nub of the majority’s analysis begins with its misplaced reliance upon the Third Circuit’s discussion of Schad v. Arizona, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). The majority fails to note that in Schad, where the defendant was indicted and tried only for first degree capital murder, the Supreme Court rejected the defendant’s due process argument and held that the trial judge did not err in failing to instruct the jury on the offense of robbery. 501 U.S. at 647, 111 S.Ct. at 2505. Unlike Schad, we all agree that the trial judge did err in Turner’s case. The disagreement in Turner’s case centers upon whether the error was harmless.
Moreover, nothing in Schad purports to address the requirement to give an instruction on a lesser included homicide offense, when sufficient evidence supports an instruction on the lesser included offense and the only distinction between the homicides involves the jury’s resolution of conflicting evidence to determine the mens rea of the defendant. In *283 Schad, the trial judge granted instructions for the offenses of first-degree and second-degree murder and refused instructions only on the separate and distinct offenses of theft and robbery. 501 U.S. at 629, 111 S.Ct. at 2495-96. Therefore, Schad involved whether due process required instructing the jury on an entirely different substantive offense, which was not charged in the indictment. Unlike Turner’s case, in which the jury was not instructed on different degrees of homicide, in Schad, the jury was instructed on all degrees of homicide proved by the evidence. 501 U.S. at 629, 111 S.Ct. at 2495-96. Indeed, the Court in Schad suggests that the issue raised by the defendant was not viable because robbery was not a lesser included offense of the charge of murder. Compare 501 U.S. at 647-48, 111 S.Ct. at 2505-06 with 501 U.S. at 661-62, 111 S.Ct. at 2512-13 (White, J., dissenting). Thus, the Court rejected the defendant’s contention of error in refusing the robbery instruction because it was not a lesser included offense of the homicide charge.
In Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.1992), which discussed Schad, the jury found the defendant guilty of first-degree murder. However, the similarity of Geschwendt to Turner’s appeal ends there. Finding that “when the instructions are viewed as a whole, the trial court did instruct the jury that it could find [the defendant] not guilty by reason of insanity,” id. at 883, the Third Circuit found that the trial judge committed no error. Thus, like Schad, the Third Circuit in Geschwendt was not required to conduct a harmless error analysis.
Although the trial judge in Geschwendt refused to grant the defendant’s instruction that he could be found not guilty by reason of insanity, 967 F.2d at 882, the trial judge (1) granted an instruction allowing the jury to convict the defendant of third-degree murder if it found that he suffered from a mental defect rendering him incapable of forming the intent for first-degree murder, (2) granted other “detailed instructions on the insanity defense,” and (3) granted an instruction on voluntary manslaughter. Id. at 880. Thus, in Geschwendt, where the *284 indictment charged a homicide, the trial judge instructed the jury on all the degrees of homicide.
In an alternative holding, the Third Circuit reasoned that if the jury believed the defendant was insane, it would have convicted him of third-degree murder instead of first-degree murder. Id. at 885-86. The court ruled that it could affirm the conviction on this alternative ground. In analyzing this alternative, the court discussed Schad because the defendant had raised a constitutional issue similar to the issue raised in Schad, i.e., whether the failure to give the instruction violated due process. Id. However, the issue the defendant raised in Geschwendt, like Schad, did not involve a failure to give an instruction on a lesser included offense. Id. at 885. Even though the instruction the trial judge gave explaining third-degree murder and the instruction he denied regarding the defense of insanity alternatively defined the defendant’s possible mental state, obviously neither instruction was a lesser included offense of murder. Consequently, the alternative holding in Geschwendt involves a different factual scenario than Turner’s case.
Most significantly, however, the portions of the Geschwendt decision that discuss Schad and lesser included offense instructions are dicta and are of dubious value because the Third Circuit lacked jurisdiction over the issue posed by the defendant. The Third Circuit dispositively decided that whether the trial judge erred in refusing the instruction was a matter that could not be reached under its habeas corpus jurisdiction “for, if there was an error at all at his trial, it was solely one of state law” that did not implicate either federal or constitutional law. Id. at 890. Simply put, the Third Circuit’s discussion of Schad is dicta because it ruled that it had no jurisdiction to decide the issue.
In rejecting Benavidez, the majority also misreads the import of Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), and decides that Keeble “addressed a different issue than the one presented here.” The majority recognizes that in Keeble, “the only choices afforded the jury *285 were conviction ... and acquittal.” However, the majority fails to recognize that the jury in Turner’s case faced a functionally equivalent dilemma: a finding of malice or acquittal. Although the trial judge did provide a third alternative, second degree murder, the alternative did not remedy the dilemma because the jury was still deprived of an opportunity to convict without finding malice.
Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction. In the case before us, for example, an intent to commit serious bodily injury is a necessary element of the crime with which petitioner was charged, but not of the crime of simple assault. Since the nature of petitioner’s intent was very much in dispute at trial, the jury could rationally have convicted him of simple assault if that option had been presented. But the jury was presented with only two options: convicting the defendant of assault with intent to commit great bodily injury, or acquitting him outright.
Keeble, 412 U.S. at 212-13, 93 S.Ct. at 1997-98.
A careful review of the Supreme Court’s reasoning reveals that Keeble is, in fact, directly on point because the reversible error in Keeble was exactly the same as the reversible error in Turner’s case: the trial court deprived the jury of a choice between different kinds of mens rea, all of which were supported by the evidence. Specifically, the trial court committed reversible error by limiting the jury’s options to finding malice or acquitting the defendant. As the Supreme Court stated in Keeble, “it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.” 412 U.S. at 208, 93 S.Ct. at 1995.
Finally, the majority asserts that the court in Hansma did not conduct a harmless error analysis. Although it is true that no harmless error analysis is expressly included in the relevant portion of the opinion, the fact that the court found *286 another error harmless, 269 N.W.2d at 509, leads to the conclusion that the court found the relevant error prejudicial. That is, the court was familiar with the analysis and if it had found this error to be harmless, it would have said so. Rather, it reversed because it did not find the error to be harmless. Therefore, Hansma does support the assertion that failure to instruct on voluntary manslaughter is reversible error.
For these reasons, I would hold that the error was not harmless, reverse the convictions, and remand for a new trial.