PEOPLE v. FLOOD

1. HOMICIDE—MURDER—QUESTION OF FACT—MALICE—PREMEDITA-
   TION.
   Submitting the questions of defendant's guilt of first-degree
   murder and second-degree murder to the jury was not error
   where there was evidence of the defendant's malice and pre-
   meditation.

2. HOMICIDE—MURDER—MALICE—PREMEDITATION—EVIDENCE.
   Premeditation and malice sufficient to have the question of
   defendant's guilt of first-degree murder or second-degree
   murder submitted to the jury were present where there was
   testimony that the victim did not have a gun, that there was
   an argument that lasted for some period of time between
   the defendant and the victim, and that the victim had re-
   quested a third party to call the police shortly before he
   was shot by the defendant.

Appeal from Recorder's Court of Detroit, Robert
E. DeMascio, J. Submitted Division 1 June 9, 1970,
at Detroit. (Docket No. 8,394.) Decided July 29,
1970. Leave to appeal applied for.

Ronald Flood was convicted of manslaughter.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Luvenia D.
Dockett,* Assistant Prosecuting Attorney, for the
people.

*Armand Bove,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 40 Am Jur 2d, Homicide §§ 50, 51.

Before: HOLBROOK, P. J., and R. B. BURNS and O'HARA,* JJ.

HOLBROOK, P. J.   Defendant, Ronald P. Flood, was examined and bound over on a charge of murder in the first degree on March 8, 1968.   He was tried by a jury before Recorder's Court Judge Robert E. DeMascio on July 19, 1969, found guilty of manslaughter, and was sentenced to prison for 10 to 15 years.

On February 28, 1968, the day of the alleged offense, the defendant was in the company of two friends, Gardner Greene and Amanda Ward.   The automobile which he was driving backed into and damaged a headlight on the automobile of the deceased, Samuel Wilson.   An argument ensued and defendant shot and killed the deceased.

The defendant claimed self-defense.   A witness to the shooting, Patricia Birks, and Perry Ward, who permitted defendant to use his telephone to call the police, testified as to the events that took place at the time of the offense.

Witness Ward testified that he observed a man lying on the ground and fearing his family would get involved, he directed Flood, who was using the phone, to hurry and leave the house.   He did not see a gun in Flood's hand, but he believed Flood was involved as "Well, I heard my sister say Ronnie shot a man."   No objections were raised regarding such statement, and on cross-examination the matter was repeated by the following colloquy:

"*Q. (By Mr. Bledsoe, continuing)*: Mr. Ward, as a matter of fact, you had no knowledge about who

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

shot who or what about who shot who until you heard your sister say that?

"*A.* That is correct."

The evidence in question was hearsay:

"*A.* Well, I heard my sister say Ronnie shot a man.

"*Q.* (*By Mr. Celeskey, continuing*): I see. Your sister told that to you?

"*A.* That is what she told me."

The witness testified that his sister told him that the defendant told her that the defendant had shot a man. This testimony went to the truth of the facts stated and thus was hearsay.

1) Although defendant was represented by counsel of his choice, there was no objection made at trial.

2) There was ample opportunity to cross-examine the witness as to his testimony on direct examination.

3) The defendant took the stand and admitted shooting the deceased. The fact that defendant shot the deceased was not contested in this trial. In fact, counsel for defendant gave the gun defendant used in the shooting of the deceased to the prosecuting authorities.

4) The cases cited by defendant on appeal do not even remotely meet the fact situation before this Court.

As to this issue reversible error is not shown because no objection was made at the trial and no miscarriage of justice resulted. *People* v. *Elliott* (1948), 322 Mich 313; *People* v. *Counts* (1947), 318 Mich 45; *People* v. *Hallman* (1941), 299 Mich 657; *People* v. *Dodson* (1967), 9 Mich App 123, 127; *People* v. *Doverspike* (1966), 5 Mich App 181, 191; *People* v. *McLaughlin* (1966), 3 Mich App 391,

394; *People* v. *Willis* (1965), 1 Mich App 428; *People* v. *Martin* (1965), 1 Mich App 265, 268.

Defendant made a motion for a directed verdict as to murder in the first degree and second-degree murder and the court was requested to send the case to the jury on manslaughter only. At the close of the court's charge to the jury, the jury was instructed that they could bring in one of four verdicts: murder first degree, murder second degree, manslaughter or not guilty. The defendant was found guilty of manslaughter which was an offense that the defendant was willing to have the court submit to the jury.

Defendant's second issue concerns claimed error in the instructions of the court by submitting the offenses of first- and second-degree murder to the jury for determination.

If there had been an absence of evidence as to the elements of malice and premeditation, then the case cited by defendant would be applicable. In *People* v. *Hansen* (1962) 368 Mich 344, the Court found no such evidence. In *Hansen*, the defendant was convicted of second-degree murder of an intruder in his home without malice being shown in any way. In the instant case, there was testimony that the deceased did not have a gun, that there was an argument and that it lasted for a period of time and that the deceased requested a witness to call the police shortly before the defendant shot the deceased. There was conflicting testimony as to the facts and the court properly submitted the case to the jury for determination.

Affirmed.

All concurred.