UNITED STATES of America,
Appellee,

v.

Gary Lee **HILLIKER**, Appellant.

No. 25662.

United States Court of Appeals,
Ninth Circuit.

Dec. 11, 1970.

Certiorari Denied March 8, 1971.
See 91 S.Ct. 987.

Tom Karas (argued), Tom O'Toole, Phoenix, Ariz., for appellant.

Morton Sitver (argued), Asst. U. S. Atty., Richard K. Burke, Phoenix, Ariz., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and SWEIGERT, District Judge* .

**PER CURIAM:**

Gary Lee Hilliker appeals from a conviction after a jury trial for violation of the Dyer Act, 18 U.S.C. § 2312. The sole issue on this appeal is whether, measured by the standards of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the trial court erred in admitting in evidence statements made by Hilliker to law enforcement officials on the day of the arrest.

The parties are in substantial agreement as to the facts. An Arizona state highway patrolman, Gary J. Zimmerman, arrested Hilliker after receiving a radio report that the automobile in which Hilliker and several other persons were travelling had been stolen in California. At the scene of the arrest, the officer informed the defendant orally of his constitutional rights to remain silent and to have the aid of an attorney.[1] Shortly after these warnings, he admitted that he had taken the car.

---

* The Honorable William T. Sweigert, United States District Judge for the Northern District of California, sitting by designation.

1. The exact content of the first warning to the defendant was:

"I advised him that he had the right to remain silent, that any statements he made to me could be and would be used against him. He had the right to the aid and counsel of an attorney before there was any further questioning, if he so desired and if he could

A short time later at the police station, the arresting officer again advised Hilliker of his *Miranda* rights and again he admitted taking the automobile. Later the same afternoon two agents of the Federal Bureau of Investigation interviewed defendant regarding the interstate transportation of the automobile. Prior to any questioning by these agents, they advised Hilliker of his constitutional rights and he executed a written waiver of those rights.

At a pre-trial hearing the district court denied defendant's motion to suppress any statements made by him on these three occasions. At trial the district court overruled Hilliker's renewed objections to the admission of the statements.

Hilliker argues here that the Government failed to sustain the heavy burden, imposed by *Miranda*, of demonstrating that at the time of his first admission "the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda* at 475, 86 S.Ct. at 1628. The defense also contends that this first admission, assertedly made without a valid waiver of rights, taints the admissions obtained from Hilliker on the two later occasions. The reasoning here is that defendant, once having incriminated himself, was not likely to consider seriously later advice as to his rights.

Determining the validity of a waiver of *Miranda* rights is a difficult but necessary judicial task. Over-willingness to find that there was a valid waiver could subvert the goals of the *Miranda* decision. Yet the imposing of too stringent a standard for finding waiver could hamper law enforcement more than is reasonably required to protect individual constitutional rights. *See* Comment, 36 U.Chi.L.Rev. 413 (1969). Courts must determine the validity of a waiver of

*Miranda* rights on an *ad hoc* basis looking carefully to the particular circumstances of the case. Pettyjohn v. United States, 136 U.S.App.D.C. 69, 419 F.2d 651, 654 n. 7 (1969); Narro v. United States, 370 F.2d 329, 329–330 (5th Cir. 1966).

■ The first warning given Hilliker was oral; no explicit reply waiving the *Miranda* rights was made so that any waiver found must necessarily be implied. Even though the Supreme Court stated that "[a]n express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver[,]" *Miranda*, 384 U.S. at 475, 86 S.Ct. at 1628, it did not say that these are the only circumstances under which a valid waiver may be found. While the Court, in *Miranda*, emphasized that a valid waiver will not be "presumed" simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained, we think a waiver may be implied where warranted under the facts of a particular case.

■ The arresting officer testified that he had informed Hilliker of his *Miranda* rights. Defendant replied after the warning that he understood those rights. A few minutes later, after he had been placed in the rear seat of a police car for transportation to the police station, he admitted that he had taken the car. There was no intensive or intimidating interrogation or other evidence of coercion.

There is nothing in the record to indicate that Hilliker did not understand his rights as they were stated by the arresting officer. The defendant had had prior contact with the civilian police and also with the military law enforcement authorities. Although the defendant was only eighteen at the time of the

---

not afford an attorney there would be one appointed for him."
Although the defendant questioned the sufficiency of the content of the warning

in the trial court, he appears to have abandoned that issue here and attacks only the validity of the waiver.

events described,[2] he had been in the Marine Corps for two years and had been accustomed to living with adults and being treated as an adult for at least that period of time. Although Hilliker had only a sixth-grade education, he could read and write English and, according to the trial judge, he had a "very high IQ." The defendant's statements to the law enforcement officials were consistent and unhesitating. He never recanted or denied committing the offense. The hearing on the motion to suppress was extensive.

Although, at the time of his first admission, Hilliker did not expressly state that he waived his *Miranda* rights, the described circumstances indicate that he did, knowingly, intelligently, and voluntarily waive those rights at the time he first admitted he had taken the automobile. There were similar warnings and waivers prior to his subsequent admission. The trial court did not err in receiving the admissions in evidence.

Affirmed.

2. The youth of the accused is, of course, a factor to be considered in determining the validity of a waiver of *Miranda* rights, but it is not a conclusive factor. Rivers v. United States, 400 F.2d 935, 943 (5th Cir. 1968) ; West v. United States, 399 F.2d 467, 468–469 (5th Cir. 1968).