PEOPLE v BLADEL

Docket No. 48082. Submitted March 12, 1981, at Lansing.—Decided
    May 19, 1981. Leave to appeal applied for.

Rudy Bladel was convicted of first-degree murder in Jackson
    Circuit Court, Russell E. Noble, J. He appeals, alleging that (1)
    the trial court erred in admitting his confession into evidence
    since his confession was not voluntary because he was not
    represented by counsel at the time he confessed and (2) the
    four-day period between the time he was arraigned and his first
    meeting with his counsel tainted his confession. *Held:*

    1. No reversible error occurred in the trial court's admitting
    evidence of the defendant's confession since testimony of the
    police officers coupled with the waiver of right to counsel form
    signed by the defendant is more believable than the defendant's
    rendition of the facts. The magistrate warned the defendant not
    to talk to the police until he had met with counsel. The
    defendant was experienced in criminal matters and demon-
    strated an understanding of his rights. The defendant signed
    the waiver form and he did not reassert the right to counsel at
    the interrogation.

    2. The defendant's argument that the four-day period be-
    tween his arraignment and the first meeting with counsel
    tainted the confession is without merit since there is no proof
    that the defendant was kept from seeing an attorney in an
    attempt to extract a confession and the fact that one and one-
    half work days passed before the defendant met with counsel is
    not a convincing argument that a delay occurred.

    Affirmed.

1. CRIMINAL LAW — EVIDENCE — CONFESSIONS.
    The sole purpose of a hearing regarding the admissibility of a
    confession is to determine the fact of voluntariness of state-
    ments of a person accused of crime and a reviewing court is

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 529, 543.
    Involuntariness of confessions as affecting admissibility. 6 L Ed 2d
    1037.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 316, 317.

concerned only with the correctness of that determination; a reviewing court is required to examine the entire record and make an independent determination of the ultimate issue of voluntariness, and reversal of the conviction is required only where a definite and firm belief exists that a mistake has been committed.

2. CRIMINAL LAW — RIGHT TO COUNSEL — WAIVER.

A person accused of a crime who has invoked his right to counsel ·may later waive that right without an attorney present.   ·

3. CRIMINAL LAW — RIGHT TO COUNSEL — WAIVER.

The question of whether a criminal defendant has knowingly waived his right to counsel after that right has once been asserted requires review of the individual circumstances of the case, and the defendant's subsequent waiver of right to counsel should be viewed with suspicion; the prosecuting attorney carries a heavy burden in proving that the defendant made a knowledgeable and voluntary waiver of his right to counsel.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

Before: BEASLEY, P.J., and BASHARA and MAC-KENZIE, JJ.

BASHARA, J. Defendant appeals his jury conviction of three counts of first-degree murder, MCL 750.316; MSA 28.548.

Initially, defendant asserts that his confession, in which he admitted killing the victims because "they were stealing his job", was not voluntary. The trial court ruled the confession was voluntary and admissible into evidence following a *Walker*[1] hearing.

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

In reviewing the findings of a *Walker* hearing, this Court is required to examine the whole record and make an independent determination of the ultimate issue of the voluntariness of defendant's statement. *People v Robinson,* 386 Mich 551, 557; 194 NW2d 709 (1972). Reversal is required only where a definite and firm belief exists that a mistake has been committed. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974).

The record reveals that defendant was arraigned on March 23, 1979, a Friday. At the arraignment, the magistrate advised the defendant that he would appoint an attorney for him. The judge strongly recommended that defendant say nothing until consulting with counsel.

Defendant entered a plea of not guilty. Apparently, the form requesting appointed counsel was completed by defendant either at that time or later that day.

On Monday, March 26, 1979, defendant confessed to the murders without the assistance of counsel. The contents of the conversation precipitating the confession were in dispute at the *Walker* hearing. Defendant claimed that he told the officers he wished to see an attorney. He felt that he had to confess even though counsel was not present. On cross-examination, defendant admitted that he had been advised of his rights on numerous occasions and that he understood them. He had been convicted of past felonies in which he had both retained and appointed counsel.

The officers testified that defendant was given his *Miranda*[2] warnings before the interrogation. A waiver form, signed by defendant, was submitted into evidence. One officer testified, in pertinent part, as follows:

---

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

"*A.* Mr. Bladel at that time stated that he had requested an attorney at his arraignment, but he hadn't seen him, seen the attorney yet, but he would talk to us, and he said he would talk to us, and he said he didn't need his attorney there while he was talking to us.

\* \* \*

"*Q.* Was there any mention of an attorney at that time?

"*A.* I asked him if he desired his attorney present and he stated he did not need one.

"*Q.* What, if anything, further took place then?

"*A.* In addition to the last statement that Mr. Bladel said, when I asked him if he needed his attorney present he stated, 'I don't need him present. I am going to plead guilty anyway.' "

Defendant attacks the confession as being taken without the benefit of counsel. *Miranda,* 384 US 436, 474. First, defendant contends that he asked for an attorney during the interrogation, but was refused by the police officers. He explains the signature on the waiver form as being the result of confusion.

A review of the record, including the conduct and background of the defendant, leads us to conclude no reversible error has occurred. We agree with the trial court's obvious conclusion that the police officer's testimony, coupled with the signed waiver form, is more believable than defendant's rendition of the facts.

Alternatively, defendant asserts that, once an attorney has been requested, interrogation can never occur before he has had the opportunity to confer with counsel. Defendant relies primarily upon New York State cases which impose a *per se* involuntariness rule in these situations. *Cf., People v Arthur,* 22 NY2d 325; 239 NE2d 537 (1968), and

*People v Cunningham,* 49 NY2d 203; 400 NE2d 360; 424 NYS2d 421; 26 Cr L 2418 (1980).

While no case addressing this issue with a three-day time span between the request and the confession can be found in Michigan case law, there is authority which rejects the so-called per se rule in analogous situations. In *People v Parker,* 84 Mich App 447; 269 NW2d 635 (1978), the Court interpreted *Michigan v Mosley,* 423 US 96; 96 S Ct 321; 46 L Ed 2d 313 (1975), as rejecting a blanket prohibition of interrogation once an attorney has been requested. The Court stated: "We hold that a person who has invoked his right to counsel may later waive that right without an attorney." *Id.,* 453.

The Court proceeded to caution the bar that a waiver made after assertion of the right to counsel will be viewed with skepticism. It was held that the 1/2 to 1-1/2 hour lapse between the request and waiver was insufficient to allow the defendant to seek the aid of counsel. Consequently, the Court ruled that the prosecutor had failed to meet his burden. Also see *People v Lytal,* 96 Mich App 140; 292 NW2d 498 (1980), *lv den* 409 Mich 884 (1980).

Further authority against adoption of the per se rule can be found in *Blasingame v Estelle,* 604 F2d 893 (CA 5, 1979), where the defendant also requested an attorney at arraignment. Several hours later, he signed a waiver of his *Miranda* rights and confessed to the police. Having failed in his challenge to the confession in Texas courts, he sought a writ of habeas corpus in the federal system.

The Circuit Court of Appeals affirmed the district court's denial of the writ and rejected defendant's suggestion that the waiver was per se invalid. The Court stated:

"In evaluating this argument, the crucial inquiry is whether defendant asserted his right to counsel in such

a manner that later police inquiry 'has impinged on the exercise of the suspect's continuing option to cut off the interview.' *Nash v Estelle,* 597 F2d 513, 518 [CA 5, 1979] *(en banc).* In *Nash,* this Court declared that when the suspect expressed his desire to continue the interview without the presence of counsel, along with his desire to have an attorney appointed, the questioning official could make further inquiry to clarify the suspect's indecisive expression. See *Thompson v Wainwright,* 601 F2d 768 [CA 5, 1979] (further inquiry may not be an attempt to dissuade suspect from exercising right to counsel).

"*Nash* recognizes that some defendants may well wish to have an attorney to represent them in legal proceedings, yet wish to assist the investigation by talking to an investigating officer without an attorney present. 'while the suspect has an absolute right to terminate station-house interrogation, he also has the prerogative to then and there answer questions, if that be his choice.' *Nash,* 597 F2d at 517. To hold that a request for appointment of an attorney at arraignment would bar an investigating officer from later finding out if defendant wishes to exercise this prerogative would transform the *Miranda* safeguards, among which is the right to obtain appointed counsel, 'into wholly irrational obstacles to legitimate police investigative activity, and deprive suspects of an opportunity to make informed and intelligent assessments of their interests.' *Michigan v Mosley,* 423 US 96, 102; 96 S Ct 321, 326; 46 L Ed 2d 313 (1975).

"Therefore, we hold that the request for an attorney at arraignment does not prevent subsequent station-house interrogation where the request at arraignment is not made in such a way as to effectively exercise the right to preclude any subsequent interrogation." *Id.,* 895-896.

Noting that defendant's signature on the waiver form is "usually strong proof" of the voluntariness of the waiver, *North Carolina v Butler,* 441 US 369; 99 S Ct 1755, 1757; 60 L Ed 2d 286 (1979), the Supreme Court held that the circumstances in that case indicated the waiver was voluntary.

Thus, the question of knowledgeable waiver af-

ter the right to counsel has once been asserted requires review of the individual circumstances. We agree with *People v Parker, supra,* that the subsequent waiver should be viewed with suspicion. The prosecutor carries a heavy burden in proving that the defendant made a knowledgeable and voluntary waiver. Defendant claims that the police action in obtaining the confession was unethical. Although there is some merit to this contention, standing alone, it is not cause for invocation of the exclusionary rule. *People v Green,* 405 Mich 273; 274 NW2d 448 (1979).

We find that the prosecutor has met the burden in this case. The magistrate clearly warned the defendant not to talk to the police until he had met with counsel. Defendant was experienced in these matters and has demonstrated an understanding of his rights. Defendant signed the waiver form. The trial court found, and we have earlier agreed, that defendant did not reassert the right at the interrogation. On these facts, we find that the waiver was valid.

Defendant contends that the four-day "delay" between his arraignment and the first meeting with counsel tainted the confession. The fact that one and one half work days passed before defendant met with counsel does not convince us that a delay occurred. Furthermore, there is no proof that defendant was kept from seeing an attorney in an attempt to extract a confession. Consequently, we find this argument without merit. *United States v Pheaster,* 544 F2d 353, 358 (CA 9, 1976).

Defendant's remaining allegation of error was not preserved at trial, precluding review absent manifest injustice. *People v Flood,* 25 Mich App 518, 520; 181 NW2d 608 (1970). We find no such injustice on the record.

Affirmed.