PEOPLE v BLADEL (ON REMAND)

Docket No. 63834. Submitted March 12, 1981, at Lansing.—Decided June 17, 1982.

Defendant, Rudy Bladel, was convicted in the Jackson Circuit Court, Russell E. Noble, J., of first-degree murder. Defendant appealed to the Court of Appeals alleging that his confession was involuntary because he was not represented by counsel at the time he confessed and the four-day period between his arraignment and his first meeting with his counsel tainted his confession. The Court of Appeals affirmed the defendant's conviction, 106 Mich App 397 (1981). Defendant then sought leave to appeal to the Supreme Court. The Supreme Court considered the leave to appeal and, in lieu of granting leave to appeal, remanded this case to the Court of Appeals for reconsideration in light of *People v Paintman* and *People v Conklin,* 412 Mich 518 (1982). The Supreme Court stated that on remand the Court of Appeals should also address the merits of defendant's second issue on appeal. The Supreme Court did not retain jurisdiction, 413 Mich 864 (1982). *Held:*

1. The Court of Appeals reads *People v Paintman* and *People v Conklin* in conjunction with the Supreme Court's order of remand to compel reversal.

2. Defendant's second issue on appeal claimed a violation of his right to remain silent in two respects: first, obtaining testimony from a police witness that defendant remained silent when taken into custody, and second, the prosecutor, in his closing argument, used the fact of defendant's silence and of defendant's failure to offer an exculpatory explanation. In addressing the merits of this issue the Court noted that it held in its previous opinion that the issue was not preserved for review since an objection was not made and manifest injustice was not present. The Court now finds that if objection had been made it should have been sustained.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prose-

cuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

## ON REMAND

Before: BEASLEY, P.J., and R. B. BURNS and MAC-KENZIE, JJ.

PER CURIAM. By order of the Supreme Court dated April 12, 1982,[1] we are required to reconsider, in light of *People v Paintman* and *People v Conklin.*[2]

In *Paintman* the trial court granted the defendant's motion to suppress a statement given by the defendant to the police. The trial court ruled, following a *Walker*[3] hearing, that the statement should be excluded because it was involuntary. The Court of Appeals reversed, in an unpublished opinion, stating that the statements were voluntary and admissible. In *Conklin* the trial court denied the defendant's motion to suppress a confession he gave sheriff's officers holding that the statement had been made voluntarily and in compliance with *Miranda.*[4] Conklin was, thereafter, convicted. The Court of Appeals affirmed his conviction in an unpublished per curiam opinion. On the appeal of these cases to the Supreme Court, the Court held in a unanimous opinion written by

[1] *People v Bladel,* 413 Mich 864; 317 NW2d 855 (1982).

[2] These two cases are reported together, 412 Mich 518; 315 NW2d 418 (1982).

[3] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

[4] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

Justice FITZGERALD that the defendants' convictions must be reversed and the cases remanded for new trials, at which statements made without the requested assistance of counsel could not be admitted.[5]

We read *Paintman* and *Conklin* in conjunction with the Supreme Court's order of remand in the within case to compel reversal. There is no necessity to repeat what was already said in our previous opinion affirming defendant's conviction.[6]

The Supreme Court requests us to comment regarding "defendant's second issue on appeal".

In the brief filed with this Court, in his second issue, defendant claimed a *Bobo*[7] violation in two respects: first, obtaining testimony from a police witness that defendant remained silent when taken into custody and, second, when the prosecutor, in closing argument, used the fact of defendant's silence and of defendant's failure to offer an exculpatory explanation.

We held in our previous opinion that since there was neither objection made at trial nor manifest injustice present, the issue was not preserved for review. Regarding the merits, if objection had been made, we would believe it should have been sustained.

Since we reverse in accordance with the Supreme Court order, further comment would be redundant.

Reversed and remanded.

[5] *Paintman* and *Conklin, supra,* 522.

[6] *People v Bladel,* 106 Mich App 397; 308 NW2d 230 (1981).

[7] *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973).