PEOPLE v YOUNG

Docket No. 50935. Submitted May 12, 1982, at Detroit.—Decided
September 9, 1982. Leave to appeal denied, 417 Mich 897.

Gregory Young was convicted of felony murder following a jury
trial in Recorder's Court of Detroit, Edward M. Thomas, J. The
theory of the prosecution was that defendant sought a sexual
encounter with the decedent and was rebuffed, whereupon, he
stole money from the decedent's purse and repeatedly struck
decedent with a hammer resulting in the decedent's death. In a
statement which defendant sought to have suppressed, defen-
dant indicated that the decedent was the sexual aggressor and
she picked up a hammer and started toward defendant and
that he took the hammer away from the decedent and struck
her several times. The trial judge denied defendant's motion to
supress the admission into evidence of defendant's statement.
The trial judge also denied the defendant's request for a jury
instruction on duress and request for a jury instruction on
manslaughter premised upon duress. Defendant appeals. *Held:*

1. The determination of the trial court to deny defendant's
motion to suppress the introduction into evidence of his state-
ment was not reversible error. While the statement was made
by defendant after he had invoked his right to remain silent
and his right to counsel, the record supports the conclusion
that defendant thereafter knowingly and intelligently waived
his right to counsel and initiated the conversation which led to
his statement.

2. The trial court properly denied the defendant's request for
a duress instruction.

3. The trial court erred in refusing defendant's request to

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 76.

5 Am Jur 2d, Appeal and Error §§ 670, 671, 898.

[2] 21A Am Jur 2d, Criminal Law § 791 *et seq.*

What constitutes "custodial interrogation" within rule of Miranda v
Arizona requiring that suspect be informed of his federal consti-
tutional rights before custodial interrogation. 31 ALR3d 565.

Necessity of informing suspect of rights under privilege against self-
incrimination, prior to police interrogation. 10 ALR3d 1054.

[3] 75 Am Jur 2d, Trial § 877.

[4, 5] 40 Am Jur 2d, Homicide § 486.

instruct the jury on the lesser included offense of manslaughter as the evidence adduced at trial, which included an inculpatory statement of defendant which he later sought to suppress, would have supported a conviction of manslaughter.

Reversed and remanded.

BEASLEY, P.J., dissented. He would hold that there was no proper request for the manslaughter instruction. He would affirm.

### OPINION OF THE COURT

1. CRIMINAL LAW — INTERROGATION OF ACCUSED — APPEAL.

   A trial court's ruling following a hearing to determine the admissibility of a defendant's confession will not be reversed on appeal unless the Court of Appeals possesses a definite and firm conviction that a mistake was committed; the Court of Appeals, in determining whether a mistake has been made, reviews the entire record and makes an independent determination.

2. CRIMINAL LAW — INTERROGATION OF ACCUSED — RIGHT TO COUNSEL — RIGHT TO REMAIN SILENT.

   The interrogation of an accused must cease once the accused indicates that he wishes to remain silent and speak with his attorney; however, an accused may waive his right to counsel after having invoked the right to counsel without first consulting counsel provided that the waiver is knowingly and intelligently made.

3. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

   A trial court is required to instruct on all requested lesser included offenses which are supported by the evidence.

4. CRIMINAL LAW — MANSLAUGHTER.

   Defendants are entitled to argue inconsistent alternatives and, therefore, where there has been evidence of defendant's inculpatory statement tending to support a manslaughter conviction the trial court must grant defendant's request for a manslaughter instruction even though defendant sought to suppress that statement.

### DISSENT BY BEASLEY, P.J.

5. CRIMINAL LAW — JURY INSTRUCTIONS — MANSLAUGHTER — DURESS — PROVOCATION.

   *A trial judge need not give, in a trial for murder, a requested instruction on manslaughter where the request for such in-*

*struction is based upon the theory of duress rather than provocation and where there is no showing of duress requiring a manslaughter instruction, there being no obligation on the trial court to give an instruction based upon a theory not urged by the defendant.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Cole* and *Jimmylee Gray* for defendant.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. C. RILEY, JJ.

PER CURIAM. On February 1, 1980, defendant was convicted by a jury of murder in the commission of a larceny, MCL 750.316; MSA 28.548, felony murder. Defendant was sentenced to life imprisonment and the court recommended that defendant never be released.

The decedent in this case was beaten to death in her home with a hammer on March 27, 1979. That morning she had driven her family's new automobile to a dealership for service repairs. A manager at the dealership had assigned defendant to drive decedent home as the decedent's automobile was in need of major repairs.

The prosecutor's case was that defendant sought a sexual encounter with decedent and was rebuffed. He then stole items from her purse and repeatedly struck her with a hammer, resulting in her death. Defendant's rendition of the facts in this case, based on a statement he sought to suppress, was that decedent was the sexual aggressor,

that, after verbally abusing defendant, decedent picked up the hammer and started toward defendant, and that then, in self-defense, he took the hammer away from her and struck her several times. Defendant in his statement further indicated that afterward, he went into another room and picked up decedent's purse and emptied it without taking anything.

The first issue is whether the pretrial statement of defendant is inadmissible as substantive evidence because there was no cessation of interrogation by the police after the defendant requested to speak with his attorney. The statement defendant sought to suppress indicated that he had acted in self-defense. Defendant does not claim he was not given his rights under *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Instead, he contends that once he asserted his right to counsel any interrogation should have ceased until his attorney was present.

The police officers testified at the *Walker*[1] hearing that they called defense counsel's office three times but were unable to contact counsel. The officers informed defendant that counsel was not immediately available. During this period, defendant telephoned and spoke with his family. The police testified that defendant volunteered the statement in issue because he wanted to "get if off his chest". At the *Walker* hearing, defendant testified that, after he requested to speak to his counsel, the police continued to interrogate and threaten him. After hearing the testimony and reviewing the case law, the court concluded that the defendant knowingly waived his right to counsel and freely chose to make a statement to the police.

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

The trial court's ruling following a *Walker* hearing will only be reversed if this Court possesses a definite and firm conviction that a mistake was committed. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974). In determining whether a mistake has been made, this Court reviews the entire record and makes an independent determination. *Id.*

Defendant casts this case as one where there was repeated interrogation after he asserted his right to counsel. The prosecutor argues the case as one where defendant initiated the conversation after the interrogation had ceased. Once the accused indicates that he wishes to remain silent and speak to his attorney, the interrogation must cease. *Miranda,* 474.

Defendant cites *Edwards v Arizona,* 451 US 477; 101 S Ct 1880; 68 L Ed 2d 378 (1981), which involved continued interrogation after the accused asserted his right to counsel. The Court wrote that the waiver of that right "must not only be voluntary, but constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege". *Edwards, supra,* p 482. The trial court in this case did not commit the error of the *Edwards* trial court, as here the court focused on whether defendant knowingly and intelligently relinquished his right to counsel. *Id.*

In *People v Parker,* 84 Mich App 447, 453; 269 NW2d 635 (1978), a panel of this Court concluded that a person can waive his right to counsel, subsequent to invoking it, without an attorney. The burden of showing a knowing and intelligent waiver is upon the prosecution. *Id.*

Our review of the record leads us to conclude that defendant did indeed knowingly and intelligently waive his right to counsel. We also conclude

that defendant was not interrogated after he asserted his right to counsel but that he initiated the inculpatory conversation. See *Edwards, supra,* p 484. Therefore, the trial court's failure to suppress the confession was not reversible error.

The defendant also argues that the trial court erred in refusing to give instructions on manslaughter and duress. He avers that a voluntary manslaughter instruction should have been given as the inculpatory statement demonstrated he only killed the victim to keep her from killing him. Defendant contends that, since she attacked him first, there was sufficient provocation to support a manslaughter charge. The inculpatory statement supposedly also supports an instruction regarding duress which could be the basis for the manslaughter charge.

It should be noted that defense counsel did not argue self-defense, which would be a basis for a manslaughter charge, in this case. Instead, counsel attacked the credibility of the inculpatory statement to show it was a total fabrication by defendant to get him out of a "jam".

Counsel argued that the inculpatory statement indicated that defendant acted out of duress and requested that an instruction be given as to duress. The court correctly denied the request. It was then argued that because of duress, a manslaughter instruction should be given. The trial court concluded the duress theory was not applicable in this case and neither instruction was given.

The court is required to instruct on all *requested* lesser included offenses which are supported by the evidence.[2] *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), *People v Chamblis,* 395

---

[2] In this case, defendant requested a manslaughter instruction but put forth inappropriate theories to support the charge.

Mich 408; 236 NW2d 473 (1975). The question of when does the evidence support an instruction and conviction of the lesser offense was subject to lengthy discussion in *Chamblis.* The Court stated:

"In determining whether the instruction should be given, the trial court should consider whether, if the defendant had been originally charged only on the lesser offense, the evidence adduced at trial would have supported a guilty verdict on that charge. If it would have, the requested instruction must be given." *Id.,* 423.

To know whether the evidence is sufficient to support a voluntary manslaughter verdict, that crime must be defined. "Voluntary manslaughter is the killing of another intentionally, but in sudden heat of passion, due to adequate provocation, but without malice." 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1658, p 692. The only evidence in this case to support the manslaughter charge was defendant's statement. We conclude that if manslaughter was the only crime charged, there was sufficient evidence to convict him of it. Therefore, the court reversibly erred in not instructing on manslaughter as requested.

This result is reached while realizing defendant repudiated the theory of self-defense and argued that the statement was fabricated. Our criminal justice system begins with the presumption that a person is innocent until proven guilty and allows an accused to argue inconsistent alternatives. Defendant's posture is permissible and he should not be penalized because of it. It is the jury's province to choose among the competing theories and evidence; the court's duty is to fully and properly instruct the jury. The prosecutor would have this Court focus on defendant's theory of the case to determine if the instruction should have been

given, but this would be incorrect. The focus is on the evidence presented. *Chamblis, supra.*

The jury was instructed on first-degree murder and first-degree felony murder, both of which carry maximum sentences of life imprisonment. MCL 750.316; MSA 28.548. The jury should have had the manslaughter instruction before them. It cannot be predicted what the jury would have concluded had they been so instructed and each side given an opportunity to argue the manslaughter aspects of this case. As the Court stated in *People v Vaughn,* 409 Mich 463, 466; 295 NW2d 354 (1980):

"Juries are not held to any rules of logic * * *. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency."

The remaining issues defendant raises need not be addressed. However, in passing, defendant also argues the felony-murder conviction was improper because the evidence, at best, only showed he stole something from the victim's purse after the murder. We do not address this issue but note the prosecutor must bring forth some evidence from which the trier of fact can conclude the murder occurred in the perpetration or attempt to perpetrate one of the specified felonies. MCL 750.316; MSA 28.548.

Reversed and remanded.

BEASLEY, P.J. *(dissenting).* I respectfully dissent.

The majority finds error in the refusal of the trial judge to instruct the jury regarding the ele-

ments of manslaughter and that a possible verdict was guilty of the lesser included offense of manslaughter. The majority bases this conclusion on *People v Chamblis*[1] and *People v Ora Jones.*[2]

The flaw in this reasoning is that defendant never requested a manslaughter instruction based on provocation. Rather, defendant claimed that his victim solicited him to perform sexual acts and attacked him with a hammer when he refused. Based on this assertion, defendant requested a duress instruction. But this request was clearly inappropriate because duress is never a defense to murder.[3] The alleged attack by the housewife on defendant with a hammer would give rise to a claim of self-defense on the part of defendant. Of course, for obvious reasons, defendant did not claim self-defense. The physical evidence made a claim of self-defense preposterous and, consequently, defendant did not choose to claim self-defense.

The majority correctly claims that a defendant is entitled to raise inconsistent defenses.[4] But, it should be noted that the defendant must raise the defenses. A case does not try itself and defenses do not arise unless a defendant asserts them.

In this case, the question on appeal is whether we should disregard the defense of duress asserted by defendant at trial and search the evidence in an effort to find another interpretation than that adopted by defendant that would require an instruction on manslaughter.

---

[1] 395 Mich 408; 236 NW2d 473 (1975).

[2] 395 Mich 379; 236 NW2d 461 (1975).

[3] 40 ALR2d, pp 908, 909; 4 Blackstone, Commentaries (1854), p 29; Perkins On Criminal Law (2d ed), pp 951-959; LaFave & Scott, Criminal Law, § 49, p 377; 21 Am Jur 2d, Criminal Law, § 148, pp 283-284; 22 CJS, Criminal Law, § 44, pp 135-136.

[4] *People v Hansma,* 84 Mich App 138, 145; 269 NW2d 504 (1978).

In *People v John Willie Williams,*[5] this Court said:

"The general rule appears to be well established that a judge is not obliged to instruct a jury that it may convict one charged with murder of the lesser offense of manslaughter unless evidence has been introduced tending to show that the lesser offense has been committed."

Here, the prosecution's case depended upon defendant's statement. I would agree with the majority that the only possible evidence supporting a verdict of manslaughter was defendant's statement.

At trial, defendant adopted inconsistent defenses. First, he repudiated his statement, claiming it was an effort to get himself out of a "jam". Second, he said he was under duress when he battered her to death with a hammer. Neither claim entitled defendant to a manslaughter instruction. If, as he contends, the statement was a total fabrication, it did not constitute evidence that he had committed manslaughter. For the reasons previously indicated, neither was there a showing of duress requiring a manslaughter instruction.

For the trial judge to instruct the jury regarding manslaughter based on some theory of self-defense or provocation, when the same were neither argued nor presented at trial, only would have served to confuse the jury. I do not read *People v Williams, supra,* to require a manslaughter instruction under facts and circumstances such as exist in the within case.

The evidence must be viewed within the framework in which it was offered and admitted. While the current state of the law appears to permit a

---

[5] 26 Mich App 218, 221; 182 NW2d 347 (1970).

defendant to assert inconsistent defenses (a luxury which, incidentally, is denied the prosecution), a defendant must raise his own defenses. In this case, defendant simply did not assert a defense based on the evidence that entitled him to a manslaughter instruction.

Since this is a dissent, I see no reason to deal with the defendant's other claims of error, except to indicate I believe they are without merit. I would not find any miscarriage of justice in this guilty verdict and, consequently, would affirm.